(118 So. 699)

No. 29;418.

**STATE v. SCHWEITZER.**

Oct. 29, 1928.

James T. Jeter and John F. Phillips, both of Shreveport, for appellant.

Percy Saint, Atty. Gen., Lal C. Blanchard, Dist. Atty., and B. B. Breazeale, Jr., Asst. Dist. Atty., both of Shreveport, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J. The appellant was convicted of the offense of having whisky in his possession for sale, and was sentenced to pay a fine and be imprisoned. He relies upon two bills of exception. One of them relates to the overruling of a motion to quash the bill of information, and the other to the refusal of the judge to allow the defendant's attorneys a delay of several days in which to draw up a motion in arrest of judgment.

There is no merit in either of the bills of exception. The motion to quash the bill of information is founded upon the contention that Act 39 of 1921 (Ex Sess.), which is the prohibition law, is violative of article 4 of the Constitution of Louisiana, forbidding the Legislature to enact any local or special law on any of the subjects specified therein, and that, in so far as the statute allows only householders to make beer and wine for home consumption, and allows "some people under its provisions to have whisky in their possession," it violates the equal protection clause of the Constitution of the United States (Amendment 14, § 1). As to the fourth section of article 4 of the Constitution of Louisiana, it is sufficient to say that Act 39 of 1921 is not a local or special law, in any sense; and, if that were not sufficient, it would be sufficient to say that the subject dealt with by the statute is not among the subjects mentioned in the Fourth section of article 4 of the Constitution. As to the equal protection clause, it is sufficient to say that there is no arbitrary discrimination, or denial of the equal protection of the law, in these provisions of the statute which permit householders to brew beer and ferment wine for family

use and the entertainment of guests, and which permit the possession of other intoxicants for those purposes only in a dwelling house, provided such intoxicants were legally acquired. These exemptions in the law treat all persons alike who are similarly situated, and that is all that the equal protection clause requires of an act of the Legislature.

The request of the attorneys for further time in which to draw up a motion in arrest of judgment was not supported by any showing of necessity for such delay, and was therefore properly denied. The judge offered to grant a delay of two hours for the drafting of the motion, and asked the attorneys why that would not be sufficient time. They offered no explanation. Besides, motions in arrest of judgment can be founded only upon errors appearing on the face of the record, and such complaints may be made as well by an assignment of error, in the appellate court, as by a motion in arrest of judgment.

The conviction and sentence are affirmed.